UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GREGORY EARL STEVENSON,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )          Case No. 1:21-cv-60-NCC
                                   )
WES DRURY, et al.,                 )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff Gregory Earl Stevenson's self-represented complaint.  For the reasons discussed below, the Court will order plaintiff to file an amended complaint.  Plaintiff will also be directed to file a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint.  Plaintiff will have thirty (30) days to comply with this Memorandum and Order.

### The Complaint

On April 16, 2021, self-represented plaintiff Gregory Earl Stevenson, a pre-trial detainee at Scott County Jail in Benton, Missouri, filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1.  Plaintiff lists four defendants in the caption section of the form complaint: (1) Wes Drury, Sheriff of Scott County; (2) Don Chambers, Jail Administrator; (3) Doc Scroggins, Lt. Deputy Sheriff; and (4) Ryan Doe, "Co-Worker for the Sheriff Department."  Plaintiff indicates he is bringing his claims against all defendants in their individual capacities only.

In the statement of the claim section of the form complaint, plaintiff alleges the following in its entirety:

> I was put in a pod that was a ha[]zard to my safety and secur[it]y and the Sheriff Wes Drury, John Chamber[s], Doc Sc[r]oggins, and Ryan Doe fail[ed] to secure the safety of defendant and secure from an attack that sent defendant to the hospital not once but twice since in the Scott County Jail.  Wes Dr[ur]y fail[ed] to supervise and train the Officer.
>
> The issue is an ongoing that relation back to Sikeston Police Department malice and false arrest on or about Sept. 2, 2020. [sic]

ECF No. 1 at 4.

For relief, plaintiff seeks one million dollars in monetary damages and/or release from the Scott County Jail.

Filed with the complaint is a motion for leave to commence this civil action without payment of the required filing fee.  ECF No. 2.  Plaintiff did not, however, file a certified copy of his prison account statement, or the institutional equivalent, for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(b).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint.

First, in presenting his claims, plaintiff only provides conclusory statements without any factual support. For example, plaintiff states the four defendants failed to secure his safety and prevent an attack, but he provides no additional facts as to this allegation, such as how or when his safety was compromised. The Court is not required to accept such conclusions as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal

3

conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff's allegations are nothing more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678.

Second, the complaint is subject to dismissal because it fails to allege how any of the defendants were directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing); and *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). Thus, in order to state an individual capacity claim against each defendant, plaintiff must set forth specific factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally protected rights. Here, plaintiff has failed to plead specific facts establishing an actual link or connection between the named defendants and the alleged constitutional violations.

Third, plaintiff's conclusory allegation that defendant Drury failed to supervise or train an officer is subject to dismissal. To demonstrate a defendant's individual liability under § 1983

4

arising out of a failure to train, a plaintiff must establish that the defendant's "failure to remedy
[a] known pattern of unconstitutional acts [by subordinates] proximately caused his injury."
*Williams v. Davis*, 200 F.3d 538, 539 (8th Cir. 2000) (per curiam) (citing *Otey v. Marshall*, 121
F.3d 1150, 1155 (8th Cir. 1997)); *accord McGuire v. Cooper*, 952 F.3d 918, 923 (8th Cir. 2020)
(an official may be liable under § 1983 if the failure to train amounts to deliberate indifference to
the rights of those with whom the officials come in contact and the alleged failure to train
actually causes the alleged constitutional violation).  In particular, the plaintiff "must
demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending
acts[, which] requires a showing that the supervisor had notice that the training procedures . . .
were inadequate and likely to result in a constitutional violation."  *Andrews v. Fowler*, 98 F.3d
1069, 1078 (8th Cir. 1996); *accord Barton v. Taber*, 908 F.3d 1119, 1125 (8th Cir. 2018); *Livers
v. Schenck*, 700 F.3d 340, 356 (8th Cir. 2012).  In other words, for a failure to train claim, a
pretrial detainee "must prove the [jail] officials personally knew of the constitutional risk posed
by their inadequate training . . . and proximately caused [the detainee's] injury by failing to take
sufficient remedial action."  *Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014) (citing
*Farmer v. Brennan*, 511 U.S. 825, 837-39 (1994)).  Here, plaintiff's failure to train claim is
conclusory, lacks factual detail and support, is not entitled to a presumption of truth, and requires
this Court to assume facts not alleged, which this Court may not do.

Lastly, the Court notes that to any extent plaintiff can be understood to assert a "false
arrest" claim, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme
Court held that a prisoner may not recover damages in a § 1983 suit where the judgment would
necessarily imply the invalidity of his conviction, continued imprisonment, or sentences unless

5

the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Id.* at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Here, plaintiff has not shown that his convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus.

Because plaintiff is self-represented, the Court will permit him to file an amended complaint to attempt to cure his pleading deficiencies. Plaintiff will also be directed to submit a certified copy of his prison account statement, or institutional equivalent, for the six-month period immediately preceding the filing of his complaint or pay the full $402 filing fee in this action. *See* 28 U.S.C. § 1915(a)(2); *see also* 28 U.S.C. § 1915(h) (defining a "prisoner" as including a person detained in any facility who is accused of violations of criminal law). Plaintiff must obtain the "certified copy" from an "appropriate official" at the Scott County Jail. *See, e.g.*, 28 U.S.C. § 1915(a)(2).

### Instructions on Amending the Complaint

In consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form,

which will be provided to him.  *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  Furthermore, the Court emphasizes that the "Statement of Claim"

7

requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank*, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to

appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time.  Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims.  Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court.  The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $402 filing fee or submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint within thirty days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 26th day of April, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

10