UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GREGORY EARL STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CV-60-NCC |
| | ) | |
| WES DRURY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court upon the motions of self-represented plaintiff Gregory Earl Stevenson, a pretrial detainee at Scott County Jail in Benton, Missouri, for leave to commence this civil action without payment of the required filing fee. ECF Nos. 2, 7. Having reviewed the motions and the information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff additional time to submit a second amended complaint, and will deny without prejudice his motion seeking appointment of counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

On April 16, 2021, plaintiff filed a motion to proceed *in forma pauperis*.  ECF No. 2.  On April 26, 2021, the Court directed plaintiff to file a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint.  ECF No. 5.  On June 1, 2021, plaintiff filed an amended complaint and second motion to proceed *in forma pauperis*. ECF Nos. 6, 7.  Within his amended complaint, plaintiff asserts the Jail Administrator at Scott County Jail refused to provide him with an account statement.  ECF No. 6 at 4.

Therefore, plaintiff will be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").  If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it

does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On April 16, 2021, self-represented plaintiff Gregory Earl Stevenson filed the instant action pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff listed four defendants in the caption

3

section of the form complaint: (1) Wes Drury, Sheriff of Scott County; (2) Don Chambers, Jail

Administrator; (3) Doc Scroggins, Lt. Deputy Sheriff; and (4) Ryan Doe, "Co-Worker for the

Sheriff Department."  Plaintiff indicated he was bringing his claims against all defendants in

their individual capacities only.

      In the statement of the claim section of the form complaint, plaintiff alleged the following

in its entirety:

> I was put in a pod that was a ha[]zard to my safety and secur[it]y and the Sheriff
> Wes Drury, John Chamber[s], Doc Sc[r]oggins, and Ryan Doe fail[ed] to secure
> the safety of defendant and secure from an attack that sent defendant to the
> hospital not once but twice since in the Scott County Jail.  Wes Dr[ur]y fail[ed] to
> supervise and train the Officer.
>
> The issue is an ongoing that relation back to Silveston Police Department malice
> and false arrest on or about Sept. 2, 2020. [sic]

ECF No. 1 at 4.  Plaintiff sought one million dollars in monetary damages and/or release from

the Scott County Jail.

      On April 26, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915

and determined it was subject to dismissal because his allegations consisted of conclusory

statements without any factual support.  ECF No. 5.  For example, plaintiff claimed the four

defendants failed to secure his safety and prevent an attack, but provided no additional facts,

such as how or when his safety was compromised.  The Court further found that the complaint

was subject to dismissal because it failed to allege how any of the defendants were directly

involved in or personally responsible for specific violations of his constitutional rights.  As to

plaintiff's claim that defendant Drury failed to supervise or train the officers, the complaint

failed to allege that Drury had notice the training procedures were inadequate or that he was

deliberately indifferent to or tacitly authorized the offending acts.  Lastly, the Court noted that to

any extent plaintiff could be understood to assert a "false arrest" claim, it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Because plaintiff was a self-represented litigant, the Court directed him to file an amended complaint to cure his pleading deficiencies.  Plaintiff was provided with specific instructions on how to submit his amended complaint.

### The Amended Complaint

On June 1, 2021, plaintiff filed his amended complaint on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42. U.S.C. § 1983.  ECF No. 6.  Plaintiff names the same four defendants, in both their official and individual capacities.

In the statement of the claim section of the form complaint, plaintiff alleged the following in its entirety:

> My 8th Amendment Rights were violated.  Cruel and unusual punishment.  2-21-21 [to] 10-6-2020.  I was subject to a hazard pod that was not secure to my health and safety.  I was attacked twice in which I was subject to the same pod twice through instigation of Ryan Doe.
> . . .
>
> Wes Drury, Don Chambers, and Matt Scoggins were the overseers of Ryan Doe when Mr. Ryan conforms [sic] to Mr. Stevenson that he would not be place[d] in a pod where it[']s a hazard, to his health and safety due to the age factor.  Yet instead I was placed back in the same pod that I was previously attacked and suffered more injur[ies] to where my [] right eye is blur[r]y and left eye is seeing white spots, the blows injured memory laps on memoying [sic] something.

ECF No. 6 at 3, 5.

Attached to the amended complaint are treatments notes from Saint Francis Medical Center, dated October 6, 2020.  ECF No. 6-1.  These notes reflect that plaintiff presented to the emergency room "with complaints of a closed head injury after a fall."  *Id.* at 7.  Plaintiff reported that "he was cleaning up water in his cell when he slipped in the water and fell

5

backward striking his head on the floor." *Id.*  Plaintiff was provided with CT scans of his head and cervical spine and instructed to follow-up with a primary provider. *Id.* at 5.  For relief, plaintiff seeks $100,000 for emotional stress and lost wages.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's amended complaint, the Court concludes it is subject to dismissal as plaintiff has not cured the pleading deficiencies addressed in the Court's April 26, 2021 Memorandum and Order.  However, in consideration of plaintiff's self-represented status, the Court will allow him an opportunity to submit a second amended complaint.

### A. Official Capacity Claims

The amended complaint is subject to dismissal because it fails to state a claim upon which relief may be granted against the defendants in their official capacities.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff's allegations establish that the defendants are Scott County Jail employees. However, the Scott County Jail is not an entity that can be sued under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).  To the extent plaintiff can be understood to assert a claim of municipal liability, the complaint contains no factual allegations that could be liberally construed as stating such a claim because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violation.  *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).  Therefore, the complaint is legally frivolous as to all four defendants in their official capacities.

**B. Individual Capacity Claims**

Plaintiff's claim against defendant Doe is subject to dismissal because it is presented in a conclusory fashion without factual support.  Plaintiff states he was "subject to a hazard pod that was not secure to [his] health and safety" because he "was attacked twice."  Plaintiff alleges defendant Doe was the individual who placed him in the "hazard pod."  Plaintiff does provide any additional facts, such as how or when he was attacked, or who attacked him.  In fact, it appears plaintiff was not attacked after defendant Doe placed him in the pod, but instead, he sustained injuries after accidently slipping and falling on water.  The Court is not required to accept plaintiff's conclusion that defendant Doe failed to secure his safety as true.  *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").  Plaintiff's allegations are nothing more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements" that the Supreme Court has found deficient.  *Iqbal*, 556 U.S. at 678.

Moreover, plaintiff does not allege that defendant Doe was personally aware that the pod he placed him in was a "hazard" or knew that he would be at risk to an attack or a slip and fall.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (stating that a § 1983 claim was not cognizable where plaintiff failed to allege that defendant was personally involved in or directly responsible for incident that injured him).

Similarly, plaintiff's complaint does not demonstrate a causal link as to defendants Drury, Chambers, and Scoggins.  Plaintiff states they were the "overseers" of defendant Doe and should have prevented him from being "place[d] in a pod where it[']s a hazard, to his health and safety due to the age factor."  Plaintiff appears to rely on the supervisory or administrative positions of these defendants to assert liability, which is inadequate to state a claim.  *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) (stating that government officials may not be held liable for unconstitutional conduct under a theory of *respondeat superior*); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (same).  Plaintiff has not identified which defendant knew of which condition and what the defendant did or did not do to attempt to correct the condition.

To any extent plaintiff intends to allege that defendants Drury, Chambers, and Scoggins failed to supervise or train defendant Doe, such a claim also fails.  To demonstrate a defendant's individual liability under § 1983 arising out of a failure to train, a plaintiff must establish that the defendant's "failure to remedy [a] known pattern of unconstitutional acts [by subordinates] proximately caused his injury."  *Williams v. Davis*, 200 F.3d 538, 539 (8th Cir. 2000) (per curiam) (citing *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)); *accord McGuire v. Cooper*, 952 F.3d 918, 923 (8th Cir. 2020) (an official may be liable under § 1983 if the failure to train amounts to deliberate indifference to the rights of those with whom the officials come in contact and the alleged failure to train actually causes the alleged constitutional violation).  In particular, the plaintiff "must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts[, which] requires a showing that the supervisor had notice that the training procedures . . . were inadequate and likely to result in a constitutional violation."  *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996); *accord Barton v. Taber*, 908 F.3d 1119,

8

1125 (8th Cir. 2018); *Livers v. Schenck*, 700 F.3d 340, 356 (8th Cir. 2012).  In other words, for a

failure to train claim, a pretrial detainee "must prove the [jail] officials personally knew of the

constitutional risk posed by their inadequate training . . . and proximately caused [the detainee's]

injury by failing to take sufficient remedial action." *Walton v. Dawson*, 752 F.3d 1109, 1118

(8th Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 837-39 (1994)).

### Instructions on Amending the Complaint

In consideration of plaintiff's self-represented status, the Court will allow him to file a

second amended complaint.  Plaintiff is warned that the filing of an amended complaint replaces

the original complaint, and so it must include all claims plaintiff wishes to bring.  *See In re*

*Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005)

("It is well-established that an amended complaint supersedes an original complaint and renders

the original complaint without legal effect").  Any claims from the original complaint that are not

included in the second amended complaint will be deemed abandoned and will not be

considered.  *Id.*  Plaintiff must type or neatly print the amended complaint on the Court's

prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 45 –

2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on

Court-provided forms").

In the "Caption" section of the second amended complaint, plaintiff must state the first

and last name, to the extent he knows it, of each defendant he wishes to sue.  *See* Fed. R. Civ. P.

10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming

anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also

specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

**If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.** *Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather,

plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing.  *Topchian v. JPMorgan Chase Bank*, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

### Motion to Appoint Counsel

Plaintiff has filed a second motion to appoint counsel.  ECF No. 8.  In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time.  Plaintiff has yet to file a complaint that survives initial review, so it

cannot be said that he has presented non-frivolous claims.  Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court.  The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 7) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's second motion for appointment of counsel [ECF No. 8] is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this

Memorandum and Order, the Court will dismiss this action without prejudice and without further

notice.

Dated this 4th day of June, 2021.


_____/s/ Noelle C. Collins_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE