UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY EARL STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-60-NCC |
| ) | |
| WES DRURY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Gregory Earl Stevenson's submission of documents which the Court construes as a supplement to his amended complaint. ECF No. 10. For the reasons discussed below, the Court will strike the supplements from the record and *sua sponte* grant plaintiff an additional twenty-one (21) days to file a second amended complaint on a Court-provided form.

Plaintiff filed this action on April 16, 2021 pursuant to 42 U.S.C. § 1983. Plaintiff named four defendants in their individual capacities: Wes Drury (Sheriff of Scott County), Don Chambers (Jail Administrator), Doc Scroggins (Lt. Deputy Sheriff), and Ryan Doe ("Co-Worker for the Sheriff Department"). ECF No. 1. Plaintiff alleged the defendants placed him in a pod that was a hazard to his safety, and he was subsequently subjected to an attack. Plaintiff further alleged defendant Drury failed to supervise and train.

On April 26, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal because his allegations consisted of conclusory statements without any factual support, and failed to allege how any of the defendants were directly involved in or personally responsible for specific violations of his constitutional rights.

ECF No. 5. The Court directed plaintiff to file an amended complaint to cure his pleading deficiencies and provided him with clear instructions on how to amend.

On June 1, 2021, plaintiff filed an amended complaint on a Court-provided form. ECF No. 6. Plaintiff named the same defendants in both their official and individual capacities. Similar to his original complaint, plaintiff alleged he was placed in a pod and subsequently attacked. Plaintiff stated he should not have been placed in the pod because of the "age factor." Plaintiff asserted defendants Drury, Chambers, and Scoggins were the "overseers" of defendant Doe. Attached to the amended complaint were treatment notes from Saint Francis Medical Center evidencing he sustained a head injury from slipping on water in his cell. ECF No. 6-1.

On June 4, 2021, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. ECF No. 9. The Court determined his official capacity claims were subject to dismissal because naming a government official in his official capacity was equivalent to naming his employer, and Scott County Jail was not an entity that could be sued under § 1983. As to plaintiff's individual capacity claims, the Court found similar pleading deficiencies as in his original complaint. The Court explained his claims were subject to dismissal because they were presented in a conclusory fashion without factual support as to defendants' involvement in the alleged violations of his constitutional rights. Plaintiff was provided with a second opportunity to amend his complaint and the Court, again, included detailed instructions on how to properly assert his claims. Plaintiff's second amended complaint was due on July 6, 2021.

Plaintiff filed a letter to the Court, dated July 5, 2021, stating he was submitting "additional facts to the assault in the Scott County Jail." ECF No. 10. Attached to the letter are eight pages of medical records from Missouri Delta Medical Center regarding treatment he

received for an eye injury. Supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure and the Court will therefore strike the aforementioned documents from the record. The Court does not accept amendments to the complaint through supplements, declarations, notices or other piecemeal amendments. *See Popoalii v. Correctional Medical Service*s, 512 F.3d 488, 497 (8th Cir. 2008). In other words, plaintiff may not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. The Court directs plaintiff to the June 4, 2021 Order which provides detailed instructions on how he must file a second amended complaint. ECF No. 9. Although plaintiff is proceeding as a self-represented litigant, he must comply with Court Rules and directives.

Although the filing of plaintiff's second amended complaint is past due, the Court will provide him with one final opportunity to cure the pleading deficiencies in his amended complaint. Plaintiff is warned that his failure to timely comply will result in the dismissal of this action without prejudice and without further notice. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's supplement to the amended complaint [ECF No. 10] is **STRICKEN** from the record. The Clerk of Court shall return the original letter and enclosures to Plaintiff.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days of the date of this Memorandum and Order**, plaintiff shall submit a second amended complaint in accordance with the instructions set forth in the Court's June 4, 2021 Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff a copy of this Court's June 4, 2021 Memorandum and Order [ECF No. 9].

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 16th day of July, 2021.

        /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE