# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY EARL STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-60-NCC |
| ) | |
| WES DRURY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented plaintiff Gregory Earl Stevenson initiated this case on April 16, 2021 pursuant to 42 U.S.C. § 1983 against four Scott County Jail employees in their individual capacities. ECF No. 1. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff alleged the defendants placed him in a pod that was hazardous to his safety, and he was subsequently subjected to an attack. Plaintiff also alleged a claim of failure to supervise and train.

On April 26, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal because his allegations consisted of conclusory statements without any factual support, and failed to allege how any of the defendants were directly involved in or personally responsible for specific violations of his constitutional rights. ECF No. 5. The Court directed plaintiff to file an amended complaint to cure his pleading deficiencies and provided him with clear instructions on how to amend. The Court also instructed plaintiff to file a certified copy of his prison account statement.

On June 1, 2021, plaintiff filed an amended complaint on a Court-provided form and a second motion to proceed *in forma pauperis*, asserting the Jail Administrator refused to provide

him with an account statement. ECF Nos. 6, 7. Within his amended complaint, plaintiff named the same defendants in both their official and individual capacities. Similar to his original complaint, plaintiff alleged he was placed in a pod and subsequently attacked. Plaintiff stated he should not have been placed in the pod because of the "age factor." Plaintiff asserted three of the defendants were the "overseers." Attached to the amended complaint were treatment notes from Saint Francis Medical Center evidencing he sustained a head injury from slipping on water in his cell. ECF No. 6-1.

On June 4, 2021, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915, and granted his motion to proceed *in forma pauperis*. ECF No. 9. The Court determined his official capacity claims were subject to dismissal because naming a government official in his official capacity was equivalent to naming his employer, and Scott County Jail was not an entity that could be sued under § 1983. As to plaintiff's individual capacity claims, the Court found similar pleading deficiencies as in his original complaint. The Court explained his claims were subject to dismissal because they were presented in a conclusory fashion without factual support as to defendants' involvement in the alleged violations of his constitutional rights. Plaintiff was provided with a second opportunity to amend his complaint and the Court, again, included detailed instructions on how to properly assert his claims. Plaintiff's second amended complaint was due on July 6, 2021.

Plaintiff filed a letter to the Court, dated July 5, 2021, stating he was submitting "additional facts to the assault in the Scott County Jail." ECF No. 10. Attached to the letter were eight pages of medical records from Missouri Delta Medical Center regarding treatment he received for an eye injury. On July 16, 2021, the Court issued an Order informing plaintiff that supplements are not

2

recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. Consequently, the aforementioned documents were stricken from the record. The Court does not accept amendments to the complaint through supplements, declarations, notices or other piecemeal amendments. Plaintiff was instructed that he may not amend a complaint by filing separate documents, and must file a single, comprehensive pleading that sets forth his claims for relief. The Court directed plaintiff to the June 4, 2021 Order which provided detailed instructions on how he must file a second amended complaint. ECF No. 9. In consideration of plaintiff's self-represented status, the Court provided him with one final opportunity to cure the pleading deficiencies in his amended complaint. Plaintiff was warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice.

Plaintiff's second amended complaint was due to the Court on August 6, 2021. To date, however, he has neither complied with the Court's June 4, 2021 and July 16, 2021 Orders, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him significant additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's Orders and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of August, 2021.

                                              _____
                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE